MOIES *et al.*, Respondents, v. EDDY, Appellant.

1. It is the province of the jury to determine questions of fact at issue in a cause; the court should not direct them to draw inferences that are not legal inferences.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit against the defendant as endorser of a promissory note. The defence relied on was that the consideration for said note had failed, or that, by the wrongful taking of certain personal property, which had been conveyed to defendant's trustee to secure defendant against his liability on account of his endorsement, the plaintiffs became liable to him to an amount exceeding the amount of the note. It is deemed unnecessary to set forth the facts more fully.

*Krum & Harding*, for appellant.

*Hitchcock*, for respondents.

NAPTON, Judge, delivered the opinion of the court.

The latter part of the second instruction given for the plaintiff in this case was erroneous. The jury were directed to infer an intention on the part of Eddy to relinquish his security from his knowledge of the fact that the burr mills were returned when he endorsed the note sued on and his failure to make any objection. Such an inference is not a legal one, nor, as a matter of fact, does it necessarily follow. When the defendant took his deed of trust upon the Harrison burr mills and other machinery, he was apprized of the understanding that the mills were to be exchanged for others

if they did not suit, and his failure to object to their removal may very well have arisen from a belief that the substituted mills would be covered by the deed of trust. Whether such an opinion would have been well founded or not in law is not material, but, if entertained in fact, it would rebut any conclusion that it was his intention, when he assented to the removal of the Harrison burr mills, to relinquish his security. It is stated in the bill of exceptions that the defendant also knew that these Harrison burr mills were credited by the plaintiff on Smead's general account—a circumstance, which, if true, would certainly be very strong evidence to show an intention on the defendant's part to relinquish his lien. But that point was not submitted to the jury by the instruction. Whether the defendant intended to give up his lien on the mills was a question of fact to be left to the jury upon all the circumstances in evidence, and his intention is not an inference in law to be drawn by the court from the single circumstance of his silence when the mills were returned with his knowledge. Judgment reversed and cause remanded; the other judges concur.